The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Greg M. Willis. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act, with the defendant employing three or more regular employees.
2. On March 27, 1989 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
3. At all times pertinent hereto, there was an employee-employer relationship between the plaintiff and the defendant.
4. The defendant is non-insured under the provisions of the North Carolina Workers' Compensation Act.
5. Plaintiff's average weekly wage was $200.00.
6. Plaintiff did not work for the defendant from March 27, 1989 through July 27, 1987.
7. For that period of time, the plaintiff was paid temporary total disability compensation.
8. Defendant has paid $3,229.75 for medical expenses, of which $1,345.75 is still in a trust account.
9. Plaintiff submitted a Form 18 on June 24, 1987; and the parties submitted a Form 21 Agreement on March 23, 1989 which was not approved by the Industrial Commission.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDING OF FACT
1. The purpose of the hearing before the Deputy Commissioner and the deposition of Dr. Anthony Immediata in this case was to determine what treatment for plaintiff's jaw would be appropriate.
2. The medical evidence submitted in this case supports the plaintiff's position that he injured his jaw in his work-related accident, that the continuing pain and problems he has had with his right temporomandibular joint is related to that accident, and that he is currently in need of treatment consisting of either surgery or physical therapy as recommended by his doctor.
3. The parties stipulated a number of medical records beginning with the records from Duke Medical Center where the plaintiff was taken by helicopter following the truck accident. At that time, Duke Medical Center recorded that the plaintiff had multiple trauma including the following:
R — TMJ tender to palpation and opening
R — supraorbital laceration — closed
R — intraorbital edema — no palpable fx's
Clearly, from the medical records at the time of the accident, as quoted above, there was evidence of injury to the plaintiff's temporomandibular joint at the time of the accident.
4. In addition to the Duke University medical records, the parties stipulated the records of Dr. Jack Gorlesky, a chiropractor in Wake Forest who was consulted by the plaintiff in December. In his report of December 12, 1988, Dr. Gorlesky noted that Mr. Bailey had "acute post-traumatic moderate/severe TMJ syndrome on the right." Dr. Gorlesky stated that "it is my professional opinion that Mr. Bailey did receive his injuries as a result of the accident on March 26, 1987." Gorlesky summarized the prognosis as follows:
 Mr. Bailey has shown considerable relief of his initial injuries, but continues to suffer periodic annoying episodes of spinal pain and difficulties with his right TMJ after having reached a stationary plateau under our present program of treatment with no significant additional gains expected at that time. Because of this and our other examination findings the prognosis is considered poor at the dysfunction evaluated by an orthodontist and that the transverse ligament laxity will need to be evaluated by a neurosurgeon, since both conditions may need surgical correction.
5. The parties took the deposition of Dr. Anthony Immediata, an oral and maxillofacial surgeon. In addition to the deposition, the parties stipulated to the records of Dr. Immediata and to several letters that he wrote. Mr. Bailey originally went to Dr. Immediata's office and was seen by his predecessor, Dr. Henry Tabeling, beginning in June of 1989. Dr. Immediata himself began seeing Mr. Bailey in June of 1990 for right TMJ pain and other related symptoms. Dr. Immediata opined that "it's likely that the accident contributed to the development of the popping and clicking that's associated with the pain he's having." for which he recommended treatment. Dr. Immediata recommended possible surgery, but wanted to evaluate the plaintiff before making a final determination. In lieu of surgery, he recommended treatment of his condition consisting of physical therapy and anti-inflammatory medication. He also indicated that the damage Mr. Bailey has suffered is permanent, if he does not have surgery. As of the last time that Dr. Immediata saw the plaintiff, he had recommended the surgery.
6. On March 26, 1987 plaintiff sustained an admittedly compensable injury by accident. This accident did cause plaintiff to have current complaints of impairment to his jaw. There is evidence to support this finding and the Full Commission accepts such evidence as credible.
* * * * * * * * * *
Based upon the finding of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff is entitled to compensation for any impairment which may exist to his jaw resulting from the injury by accident. N.C.G.S. § 97-29, N.C.G.S. § 97-30, N.C.G.S. § 97-31.
2. Plaintiff is entitled to the payment of any medical expenses incurred or to be incurred, including surgery for any treatment he has received to his jaw. Defendant shall pay plaintiff's medical expenses to the extent it tends to effect a cure, give relief or lessen his disability. N.C.G.S. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for additional medical compensation pursuant to the North Carolina Workers' Compensation Act must be, and the same is hereby, ALLOWED.
2. Defendant shall pay all of plaintiff's medical expenses incurred or to be incurred including surgery for any treatment he has received to his jaw.
3. Defendants shall pay an expert witness fee in the amount of $200.00 to Dr. Immediata.
4. Defendant shall pay costs.
FOR THE FULL COMMISSION
 S/ ___________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CMV/cnp/mj 6/2/95